IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUN D. ADAMS, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 4:CV-15-1439 |
| | : |
| TREVOR WINGARD, | : (Judge Brann) |
| | : |
| Respondent | : |

**MEMORANDUM**

July 29, 2015

**Background**

Shaun D. Adams, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Somerset Superintendent Trevor Wingard. Accompanying the Petition is an in forma pauperis application which will be granted for the sole purpose of the filing of this action with this Court. Service of the Petition has not yet been ordered.

According to the Petition, Adams was convicted of first degree murder, criminal conspiracy, and possession of an instrument of crime on October 6, 2006 following a jury trial in the Court of Common Pleas of Philadelphia County,

1

Pennsylvania. See Doc. 1, ¶¶ 1-6. He was sentenced on November 22, 2006 to a term of life imprisonment. Petitioner's pending action challenges the legality of his conviction on the grounds that there was insufficient evidence to support the verdict; the verdict was against the weight of the evidence; ineffective assistance of counsel; and prosecutorial misconduct for withholding evidence as contemplated under Brady v. Maryland, 373 U.S. 83 (1963).[1]

## Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

---

[1] Under Brady the government has a duty to provide the defense with potentially exculpatory or impeachment evidence.

Petitioner is presently confined at SCI-Somerset which is situated within the confines of the United States District Court for the Western District of Pennsylvania. Adams is attacking the legality of a conviction obtained against him in the Court of Common Pleas of Philadelphia County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 118. Since Petitioner is not incarcerated within this district and his conviction occurred within the Eastern District of Pennsylvania, this Court lacks jurisdiction under § 2241(d).

28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought. A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the state trial court, as well as any records, counsel, and other witnesses, are located within the United States District Court for the Eastern

District of Pennsylvania, it would be prudent to transfer this action to the Eastern District of Pennsylvania. An appropriate Order will enter.

                      BY THE COURT:

                      s/ Matthew W. Brann  
                      Matthew W. Brann  
                      United States District Judge